Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff,*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN WEISBERG,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**HD SUPPLY, INC.,**<br><br>Defendant. | **Case No.:** 2:15-cv-08248-FMO-MRW<br><br>**<u>CLASS ACTION</u>**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. JONATHAN WEISBERG ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of HD SUPPLY, INC. ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

FIRST AMENDED CLASS ACTION COMPLAINT

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

FIRST AMENDED CLASS ACTION COMPLAINT

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

### PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Georgia. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined

by 47 U.S.C. § 153 (10).  Defendant provides personal home and bath products to hundreds of thousands of consumers.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was a citizen of the County of Los Angeles, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10).

13. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

14. On or about 2011, Plaintiff visited Defendant's retail establishment.

15. While purchasing goods from Defendant's store, an employee informed Plaintiff that if Plaintiff sent a text message from Plaintiff's cellular telephone to Defendant at a specified number that Plaintiff would receive, via text message reply, a 10% discount coupon that could be used immediately towards Plaintiff's purchase.

16. At no time did Defendant's employee inform Plaintiff that as a result of Plaintiff's text message to Defendant, that Defendant would utilize Plaintiff's cellular telephone number to send spam text message and/or promotional offers as part of a marketing campaign.

17. Accordingly, Plaintiff sent a text message to Defendant from Plaintiff's cellular telephone, received the 10% discount coupon via reply text message from Defendant and completed Plaintiff's purchase.

FIRST AMENDED CLASS ACTION COMPLAINT

18. Defendant then began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages, including a text message sent to and received by Plaintiff on or about August 3, 2015.

19. On August 3, 2015, Plaintiff received a text message from Defendant that read:

> HD Supply HIS: Craftsman Exterior Doors for $597.15!! Limited quantities available. While supplies last. Exclusions apply. To end messages reply STOP Reply HELP to 99000 for help

20. Plaintiff, on or about August 3, 2015, responded to Defendant's text message notification by replying "STOP."

21. Immediately after on August 3, 2015, Defendant responded by sending a text message that read:

> All-In-1 Info Alerts: You opted out and will no longer receive messages from All-In-1 Info Alerts. 1-866-866-0009

22. Though Plaintiff had not given his prior express consent to be contacted by ATDS by Defendant, by way of Plaintiff's August 3, 2015 text message to Defendant, Plaintiff had now withdrawn any consent Defendant might have believed Defendant had prior to that point.

23. On October 9, 2015, Plaintiff received a text message from Defendant that read:

> HDSHIS: You are opted in to receive 4msg/mo of Promotion Deals. Msg&Data rates may apply. Reply HELP for help. Reply STOP to cancel.

_____

FIRST AMENDED CLASS ACTION COMPLAINT

24. On October 9, 2015, Plaintiff received another text message from Defendant that read:

> HDSHIS: Check out this month's Price Check! This month we're showcasing Everyday Low Pricing on doors, flooring, cabinets and fixtures! T.zip.ma/15ql

25. On October 9, 2015, Plaintiff received another text message from Defendant that read:

> HDSHIS: You opted out and will no longer receive messages from HDSHIS. 9167512319.

26. Defendant's text messages to Plaintiff were sent using short code 76000.

27. A short code is a special telephone number, significantly shorter than full telephone numbers, which can be used to address SMS and MMS messages from certain service providers' mobile phones or fixed phones.

28. Short codes are often associated with automated services. An automated program can handle the response and typically requires the sender to start the message with a command word or prefix. The service then responds to the command appropriately.  The use of short codes is indicative of technology that has the capacity to store or produce numbers to be called using a random or sequential number generator, and to dial such numbers.  Further, the use of generic mass-marketing-styled text messages is also indicative of such technology being used as a form of transmittal of such text messages.

29. Defendant contracts Trumpia (a DBA of DoCircle, Inc.) which provides SMS services and owns the rights to the short code 76000.

30. Trumpia boasts on its website that its short code SMS services provide the following benefits to businesses and have the following capabilities:

"Basic shared short code. Get started with mobile campaigns instantly with our cost-effective 95577 short code. No setup time and absolutely free with any account. . . . Choose from a variety of short codes such as 99000, 95577, **76000** . . ."[1] (emphasis added).

"Mass Text Messaging

…

What is Mass SMS?

Mass SMS is the process of sending a text to a large number of recipients, all at once. With Trumpia's text messaging service, you can quickly broadcast your message to entire contact lists with a simple click of a button. And with a large number of carriers, including hundreds of international ones, you'll be able to scale to a massive amount of messages effortlessly. Our software also makes collecting contact information a breeze, and uploading your existing database simple.

…

**Indiscriminately sending mass texts to your entire audience is an undesirable practice that could breed dissatisfaction or damage your brand image**. Your customers could even see it as spam and opt-out in frustration.

Trumpia gives you a fleet of tools, specifically engineered to help you send the right message to the right target, every single time. Collect your customers' information like interests, preferences and behavior. Set filtering rules that automatically sort your database for each campaign. Create campaigns that have our system automatically send out the perfect message at the perfect time, even while you sleep! Find out more at our Marketing Automation page."[2] (emphasis added).

"Auto responder is yet another one of Trumpia's SMS Marketing features. Creating auto response messages allows you to automatically reply to customers who opt in using your keyword, auto-reply back to your text to vote and SMS polls campaigns, as well as reply back with different messages when you use our shuffle responder feature. Auto responses help you build a better connection with your customers, allowing them to engage and be more interactive your with your

---

[1] http://trumpia.com/short-code.php; last visited March 8, 2016.
[2] http://trumpia.com/mass-texting.php; last visited March 8, 2016.

FIRST AMENDED CLASS ACTION COMPLAINT

business.

…

Whenever someone opts in to your SMS Marketing program using your mobile keyword, you can set it so they are automatically sent a response. It can include things like a thanks for signing up, or a link to your webpage. "[3]

"Text Reminders and Alerts
Send scheduled or triggered appointment reminders and alerts, and save yourself the trouble of having to sit around, waiting for the appropriate time to click send.

Trumpia lets you schedule automated appointment reminders with our easy to use interface. You just type in your message, set the date and time, and the recipients you want the text to be sent to. Our software takes care of the rest, waiting until the specified time to send out your reminder."[4]

"Trumpia makes it easy for you to import and upload your contacts into your system. Simply upload a spreadsheet file in CSV format and you're ready to message your contacts. Trumpia's SMS platform allows you to include your contacts' names, phone numbers, plus create custom data fields that allow you to collect other pieces of information such as email addresses, birthdays, anniversaries, brand preferences, color preferences, and more, making the possibilities of what you want to collect - endless."[5]

31. Trumpia offers its customers an all-in-one marketing platform, which includes the ability to send automated text messages to mass lists of consumers all at once, with the click of a button, or even automatically without human

---

[3] http://trumpia.com/sms-auto-responder.php; last visited March 8, 2016.
[4] http://trumpia.com/text-appointment-reminders.php; last visited March 8, 2016.
[5] http://trumpia.com/import-export-sms-contacts.php; last visited March 8, 2016.

FIRST AMENDED CLASS ACTION COMPLAINT

intervention at all, as demonstrated by its video entitled "Introduction to All-In-One Marketing Automation Trumpia" located here.[6]

32. Trumpia's website includes several examples of how major companies use this automated texting system, the same system used by Defendant, in order to send consumers messages using an ATDS.  These examples are located on Trumpia's website, under a section which states "Read about how these organizations utilized Trumpia to boost sales and engage with audiences."[7]  Some examples of how this ATDS is used by such companies are included in the following pictures, on this web page:

///

///

///

///

///

///

///

///

---

[6]https://www.youtube.com/watch?v=9ABg5OYnaYI;
https://www.marketingtechblog.com/trumpia-one-marketing/; last visited March 8, 2016.  The video explains that Trumpia is an ATDS: "Trumpia shifts into high gear with the addition of marketing automation.  Smart filters and dynamic targets automatically refine your contact list to ensure your messages are being delivered to the right people at the right time.  Best of all, Trumpia's auto campaign runs your marketing automatically, leaving you free to run your business."
[7] http://trumpia.com/sms-short-codes.php; last visited December 19, 2015.

Page 9

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



FIRST AMENDED CLASS ACTION COMPLAINT





T.I. I'm hosting a private screening of TAKERS in New Orleans this Sun during the Essence Fest. Text TAKERS to 69302 for a chance to win!
http://www.trapmuzik.com/news/enter-to-win-new-orleans-fans/

**T.I. | The Official Site and Community**
www.trapmuzik.com
T.I. | The Official Site and Community | T.I. site, news, discussion, forum, members, bio, biography, photos, pics, pic, photo, videos, music video, concerts, concert, tour, tours, ringtones, interact, social, website

July 2 at 10:38am · Comment · Like · Share

👍 1,454 people like this.

💬 View all 181 comments

Write a comment...

* Please note that some campaigns may be outdated and will no longer be active.

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25





FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





Page 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25



FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23



24

25

FIRST AMENDED CLASS ACTION COMPLAINT



FIRST AMENDED CLASS ACTION COMPLAINT

33. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its marketing texts to Plaintiff. Trumpia's aforementioned mass-texting system is an automatic telephone dialing system. In particular, the equipment used by Defendant, to send the text messages at issue, to Plaintiff, has the capacity to: 1) store or produce numbers to be called using a random or sequential number generator; and 2) to dial those numbers. Such capacity is evidenced by the fact that: 1) the text messages appear to be scripted and generic; 2) the text messages were sent via a short code; and 3) the text messages were sent using the Trumpia system, which is widely known, and indeed advertised by Trumpia itself on its own website, as having such capacity.

34. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227 (b)(1)*.

35. These telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227 (b)(1)(A)(i)*.

36. As of October 9, 2015, Plaintiff did not provide Defendant or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. *§ 227 (b)(1)(A)*.

37. These telephone calls by Defendant, or its agents, violated *47 U.S.C. § 227(b)(1)*.

### CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

39. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from

FIRST AMENDED CLASS ACTION COMPLAINT

Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c)    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

46. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

FIRST AMENDED CLASS ACTION COMPLAINT

47. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

FIRST AMENDED CLASS ACTION COMPLAINT

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF

### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

FIRST AMENDED CLASS ACTION COMPLAINT

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintif seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 8, 2016                    Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: ___/s Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF

FIRST AMENDED CLASS ACTION COMPLAINT

## **CERTIFICATE OF SERVICE**

Filed electronically on this 8th day of March, 2016, with:

United States District Court CM/ECF system

Notification sent electronically on this 8th day of March, 2016, to:

Honorable Judge Fernando M. Olguin
United States District Court
Central District of California

Alexander H Cote
David W Williams
SCHEPER KIM AND HARRIS LLP

s/Todd M. Friedman
Todd M. Friedman, Esq.

FIRST AMENDED CLASS ACTION COMPLAINT